HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL MAYS, an individual, and BELINDA MAYS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE COUNTY, et al,<br><br>Defendant. | CASE NO. C14-5291RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[Dkt #16] |

## I. INTRODUCTION

THIS MATTER is before the Court on Pierce County's, Paul Pastor's, Pierce County Sheriff's Department's, Karen Daniels's, and Pierce County Jail's Motion for Summary Judgment.

The Court has considered the following:

(1) Defendants' Motion for Summary Judgment Pursuant to FRCP 56;

(2) Declaration of Alicia Burton in Support of Summary Judgment with Exhibits A-K attached thereto;

(3) Declaration of Dr. Miguel Balderrama in Support of Summary Judgment with Exhibit 1 attached thereto;

    (4) Declaration of Karen Daniels with Exhibit A attached thereto; and

    (5) Declaration of Tamara Pihl with Exhibits A-D attached thereto.

Michael Mays and his mother, Belinda have not responded to the defendants' factual assertions, their evidence, or the legal authorities raised.. Two days after their Response was due, plaintiffs moved to compel production of the prosecution's file in the underlying Rape of a Child charge against Michaels Mays. [Dkt. #23]. Plaintiffs also moved to stay these proceedings until they could receive and review the requested material. [Dkt. #24]. The motion to compel is untimely by several months, and there is no indication that plaintiffs conferred with defendants prior to bringing it, as is required under Fed. R. Civ. P. 37 (a)(1). Accordingly, the Motion to Compel [Dkt. #23] and the Motion to Stay [Dkt. #24] are **DENIED**. For the following reasons, the Motion for Summary Judgment [Dkt. #16] is **GRANTED** and the case is **DISMISSED** with prejudice.

## II. BACKGROUND

This lawsuit arises out of a criminal case in which Plaintiff Michael Mays was charged in Pierce County Superior Court with three counts of Rape of a Child in the Second Degree. Michael claims the Sheriff's Department racially profiled and falsely arrested him, and mistreated and discriminated against him while he was incarcerated.

Michael appeared for arraignment on August 3, 2011. The court found probable cause for the charges, arraigned him, and imposed bail in the amount of $10,000. Michael was booked into the Pierce County Jail.

Michael advised the jail staff that he was taking prescription Trazadone for sleep. Jail staff noted this prescription on Michaels' booking forms. On August 4, 2011, Michael sent a

kite to the medical staff requesting his Trazadone. The jail advised Michael that it does not treat sleep.

Michael complained that because his elbow hurt, the pain interfered with his sleep, creating the need for Trazadone.

Michael and his mother, Belinda, sued for violation of their constitutional rights under § 1983. They also assert an ADA claim, and a Rehabilitation Act claim against Pierce County, Sheriff Paul Pastor, Pierce County Sheriff's Department, Corrections Chief Karen Daniels, Pierce County Jail, and "Does 1-50".

### III. DISCUSSION

**A. Summary Judgment Summary**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact finder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine

1  issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477
2  U.S. at 323-24.

3       **B.     Belinda Mays has not alleged or demonstrated any personal deprivation.**

4       The Defendants seek summary dismissal of all of Belinda Mays' claims against them,
5  arguing persuasively that she has not and cannot allege that any of her own rights were deprived
6  by anyone. Belinda has not responded to the Motion.

7       § 1983 claims are "personal action[s] cognizable only by the party whose civil rights are
8  violated." *Jaco v. Bloechle, 739 F.2d 239,* 242 (6th Cir. 1984). "It is well established that the
9  federally protected rights that are enforceable under § 1983 are 'personal' to the injured party . . .
10 a § 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights
11 of someone else." *Rose v. City of Los Angeles, 814 F.Supp. 8*78, 881 (C.D. Cal. 1993).

12      Belinda Mays cannot survive summary judgment on her § 1983 claims unless she
13 provides evidence from which a reasonable jury could determine that her own rights were
14 violated, or some evidence that Michael is unable to bring his own claim. She cannot do so, as
15 she conceded in her deposition. Belinda Mays' § 1983 claims are DISMISSED with prejudice.

16      Belinda's ADA and Rehabilitation Act claims are similarly based on the alleged violation
17 of her son's rights, not her own. In general, to bring a claim based on the rights of a third party
18 under the ADA, a plaintiff must have "(1) 'suffered an 'injury in fact,' thus giving him or her a
19 'sufficiently concrete interest' in the outcome of the issue in dispute; (2) the litigant must have a
20 close relation to the third party; and (3) there must exist some hindrance to the third party's
21 ability to protect his or her own interests.'" *Moreno v. G & M Oil Co.*, 88 F. Supp. 2d 1116,
22 1118 (C.D. Cal. 2000) (quoting *Powers v. Ohio*, 499 U.S. 400, 411, 111 S.Ct. 1364, 113 L.Ed.2d
23 411 (1991)).

24

1 | Belinda lacks the type of injury necessary for associational standing under the ADA or
2 | RA. Second, admitting that all of her claims are based upon the violation of her son's rights and
3 | not her own, Plaintiff B. Mays is attempting to bring the action on behalf of another party who is
4 | capable of protecting his own interests. Third and finally, the Plaintiffs fail to allege the
5 | discriminatory harm *because of a disability* that is covered by the ADA or RA, instead alleging
6 | only inadequate medical care by the medical personnel of the jail. Belinda Mays' claims are
7 | DISMISSED with prejudice

8 | **C.    Michael Mays' Constitutional Claims are defective.**

9 | Each Pierce County Defendant also seeks dismissal of Michael Mays' Constitutional
10 | (§1983) claims against them.

11 | **1.    Michael's claims against Sheriff Paul Pastor.**

12 | Defendant Paul Pastor seeks summary judgment because there is no evidence that he was
13 | personally involved in the incident that is the subject of this lawsuit. Plaintiff claims that he is
14 | a defendant and may be held liable as a supervisor under § 1983 "if there exists either (1) his or
15 | her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection
16 | between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*,
17 | 885 F.2d 642, 646 (9th Cir. 1989). "[A] plaintiff must show the supervisor breached a duty to
18 | plaintiff, which was the proximate cause of the injury. The law clearly allows actions against
19 | supervisors under § 1983 as long as a sufficient causal connection is present and the plaintiff was
20 | deprived under color of law of a federally secured right." *Redman v. Cnty. Of San Diego*, 942
21 | F.2d 1435, 1447 (9th Cir. 1991).

22 | Plaintiffs do not allege that Pastor himself directly participated in any way in Michael's
23 | arrest or incarceration, or that he was involved in any review or investigation of it. Plaintiffs
24 | have not cited any specific policy or procedure implemented by Pastor which was the "moving

force behind the constitutional violation." Finally, plaintiffs have not established that Pastor made a deliberate choice not to train and/or supervise in a particular area, knowing that training or supervision was needed. Michael Mays has provided no evidence supporting any of his claims against Pastor. Michael Mays' such claims are DISMISSED with prejudice.

**2. Michael's claims against Karen Daniels.**

Defendant Karen Daniels seeks dismissal as a matter of law because she was not employed by Pierce County at the time of this incident. Michael has not offered any evidence or theory in support of his claims against Daniels and his claims against her are DISMISSED with prejudice.

**3. Michael's claims against the Sheriff's Office and the Jail.**

Defendants Pierce County Sheriff's Department and the Pierce County Jail seek dismissal because they are not legal entities capable of being sued.

It has long been established in Washington that "in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued." *Broyles v. Thurston County*, 147 Wn. App. 409, 427-428, 195 P.3d 985 (2008). The capacity to be sued is limited to the county itself. *See* RCW 36.01.010; *Foothills Development Co. v. Clark County Board of Commissioners*, 46 Wn. App. 369, 377, 730 P.2d 1369 (1986); *see also Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued"). Pursuant to this rule, Washington courts have routinely held that city or county departments are not legal entities subject to suit.

1   Accordingly, Michael's claims against these defendants are fatally flawed and they are
2   DISMISSED with prejudice.

3   **4.     Michael's claims against the "Doe" Defendants.**

4   The unnamed (and un-served) "Doe" defendants seek dismissal because the three year
5   limitations period has expired.

6   The limitations period for a §1983 claim, as well as to an ADA and Rehabilitation Act
7   claim, is three years.  §1983 itself contains no statute of limitations.  Federal courts instead
8   "borrow" § 1983 limitations periods from analogous state law. Specifically, they borrow the
9   state's "general or residual statute for personal injury actions." *Owens v Okure*, 488 U.S. 235,
10  250 (1989).  In Washington, that statute is RCW 4.16.080(2), which is a three-year limitations
11  period.  *Bagley v. CMC Realty Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).  A federal claim
12  accrues when the plaintiff knows or has reason to know of the injury which is the basis of the
13  action.  *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

14  At the very latest, Michael's causes of action against the Doe Defendants accrued at his
15  release from the Pierce County Jail on August 10, 2011.  The statute of limitations for these
16  claims thus expired on August 10, 2014.  Michael filed his complaint against "DOES 1-50" on
17  April 4, 2014, well within the three-year statute of limitations but he still has not identified,
18  named, or served any of these "Doe" defendants, and it is too late to do so now.  This lawsuit
19  has not been properly commenced against the DOE defendants within the statute of limitations,
20  and those claims are DISMISSED with prejudice.

1     **5.    Michael's *Monell* claims against Pierce County.**

2     Pierce County seeks dismissal of Michael's *Monell* claim against it because he cannot 3 establish that a County policy, or the improper training and/or supervision of county employees, 4 was a "moving force" behind any constitutional injury.

5     Municipalities and other local governmental entities are "persons" within the meaning of 6 42 U.S.C. § 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 7 L.Ed.2d 611 (1978). Thus, local governmental entities, such as Pierce County, may be subject to 8 liability under § 1983, but only when "the action that is alleged to be unconstitutional 9 implements or executes a policy statement, ordinance, regulation, or decision officially adopted 10 and promulgated by that body's officers" or when "constitutional deprivations [are] visited 11 pursuant to governmental 'custom' even though such a custom has not received formal approval 12 through the body's official decision making channels." *Monell*, 436 U.S. at 690-91. *Respondeat* 13 *superior* may not be the basis for liability:

14/15/16     [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

17 *Monell* 436 U.S. at 694. Thus, under *Monell*, a plaintiff must not only identify a county custom 18 or policy, but also show that the custom or policy is unconstitutional.

19     Here, Michael has not identified a county custom or policy, or established its causation of 20 any constitutional injury. The Complaint does not identify a county policy or custom, and 21 Michael's filings since then have not. Defendants specifically requested such information in 22 discovery, but Michael failed to provide any evidence of a policy or custom, claiming lack of 23 personal knowledge. The record in this case is devoid of any evidence of any Pierce County

24

policy or custom which resulted in the alleged constitutional violations. Plaintiffs' naked assertions that such policies exist are not sufficient to avoid summary judgment.

Michael also generally alleges that Pierce County's failure to supervise and train its officers contributed to the alleged violations of his constitutional rights. Some courts have held that a local governmental entity may be subject to liability under § 1983 when the failure to supervise or lack of training is such that it amounts to gross negligence or deliberate indifference to the deprivation of plaintiffs' constitutional rights. *See, e.g., Herrera v. Valentine*, 653 F.2d 1220, 1224 (8th Cir. 1981); *Owens v. Haas*, 601 F.2d 1242, 1246 (2nd Cir. 1979). There generally must be a showing of widespread abuse or a pervasive pattern of police misconduct to give rise to liability under § 1983 for failure to supervise. *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983). In some cases, however, a single, unusually egregious incident is found to be sufficiently out of the ordinary to create an inference of inadequate training or supervision amounting to gross negligence. *See*, *e.g.*, *Martini v. Russell*, 582 F.Supp. 136, 142 (C.D. Cal. 1984).

Even under this expansive reading of *Monell*, there is nothing in the record before this Court to support an inference of gross negligence or deliberate indifference in the training or supervision of Pierce County Sheriff's Deputies or Corrections Officers. The record is devoid of any evidence of a pervasive pattern of police misconduct. Even the facts Michael alleges (but does not support with any evidence) are not so unusually egregious that they raise an inference of inadequate training or supervision amounting to gross negligence or deliberate indifference. Michael Mays' *Monell* claims against the County are DISMISSED with prejudice.

### D. Plaintiffs' ADA and Rehabilitative Act Claims.

"Title II of the ADA and § 504 of the [Rehabilitation Act] both prohibit discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA and the RA apply to inmates within prisons and jails. *See Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 210, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998); see also *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997). "The Rehabilitation Act is materially identical to and the model for the ADA, except that it is limited to programs that receive federal financial assistance." *Armstrong v. Davis*, 275 F.3d 849, 862 n. 17 (9th Cir. 2001) (internal quotations omitted). Title II of the ADA was expressly modeled after § 504 of the Rehabilitation Act. *Zuckle v. Regents of the University of California*, 166 F.3d 1041, 1045 n. 11 (9th Cir. 1999) ("there is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act"). Because the ADA has a broader scope, the Ninth Circuit analyzes both Acts under an ADA standard. *Armstrong*, 275 F.3d at 862.

To establish an ADA claim, Michael must demonstrate that he (1) is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability. *Lovell*, 303 F.3d at 1052.

In order to make out a claim under the ADA, plaintiff must demonstrate as a threshold matter that he is a "qualified individual with a disability." *Steele v. Thiokol corp.*, 241 F.3d 1248, 1252 (10th Cir. 2001); 42 U.S.C. § 12112(a). A "qualified individual" is defined as a person who "meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). A disability is defined as:

>  (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
>  (B) a record of such an impairment; or
>
>  (C) being regarded as having such an impairment.

42 U.S.C. § 2102(1). The diagnosis of a qualifying impairment alone, however, is not enough to establish disability under the ADA, as a plaintiff must prove that the impairment substantially limits his individual abilities in one or more major life activities. According to the EEOC regulations, "substantially limit[ed] means '[u]nable to perform a major life activity that the average person in the general population can perform;' or '[s]ignificantly as restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform the same major life activity.'" 29 C.F.R. § 1630.2(j). In determining whether a major life activity has been affected, the ADA regulations counsel that a court should also consider the following factors:

>  (i) The nature and severity of the impairment;
>
>  (ii) The duration or expected duration of the impairment; and
>
>  (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

29 C.F.R. § 1630.2(j)(2). Whether a plaintiff's impairment substantially limits any major life activity is an "individualized inquiry." *Fraser v. Goodale*, 342 F.3d 1032, 1038 (9th Cir. 2003).

Michael claims he is a "qualified individual with a disability" because his sleep is significantly impacted by a pre-existing elbow injury. While sleep has been recognized as a major life activity, *see McAlindin v. County of San Diego*, 192 F.3d 1226 (9th Cir. 1999), Michael has not shown that his sleep was "substantially limited." He testified at his deposition

1  that, as a result of his elbow injury, he experienced trouble sleeping and that if he didn't sleep,

2  the pain in his elbow increased, his productivity at work suffered, and he was irritable.

3  "Generalized complaints" about sleep have been found insufficient to establish a substantial

4  limitation.  *See Smoke v. Wal-Mart Stores, Inc.*, No. 98-1370, 2000 WL 192806, at *5-6 (10th

5  Cir. 2000).  Michael's interrupted sleep pattern is simply insufficient to qualify as a disability.

6          Moreover, Michael fails to show that he was excluded from participation in programs or

7  denied benefits or services *because of his disability*.  It is the general policy of the Pierce County

8  Jail to not administer sleeping medications to *any* inmate, unless exigent circumstances justify it.

9  During booking, medical personnel noted that Michael had "sleeping problems," but otherwise

10 did not suffer from any chronic medical problems or mental health problems.  Acting on this

11 information and pursuant to the general policy, medical staff at the jail presumably made a

12 professional determination that it was unnecessary for Michael to receive the sleeping

13 medications that he requested.

14         Although Michael may argue that the professional disposition on his request was faulty

15 and that his resulting care was inadequate, that does not allow him (or his mother) to bring a

16 claim that he was discriminated against or treated differently because of his medical condition.

17         All plaintiffs' "claims aris[ing] from the alleged inadequacy of medical treatment they

18 received …are not the types of claims the ADA was intended to address," and should therefore

19 be dismissed.  *Rockwell v. Oregon*, No. 05-cv-694-BR, 2007 WL 2819090 at *4 (D. Or. Sept. 24,

20 2007).  Further, to the extent Michael was denied sleeping medications, such denial was not

21 *because of* his sleeping problem, but due to a general jail policy that the jail does not treat sleep.

22         Michael's ADA and Rehabilitation Act claims are insufficient as a matter of law and they

23 are DISMISSED with prejudice.

24

## IV. CONCLUSION

Therefore, it is hereby ORDERED, ADJUDGED AND DECREED that Pierce County Defendants' Motion for Summary Judgment [Dkt. #16] is hereby **GRANTED** and that all of Plaintiffs' claims are hereby **DISMISSED** with prejudice. Plaintiffs' Motion to Compel [Dkt. #23] and Motion to Stay [Dkt. #24] are **DENIED**.

IT IS SO ORDERED.

Dated this 28th day of August, 2015.

*[signature]*

Ronald B. Leighton
United States District Judge